IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KRISS RAY CAMP,

    Petitioner,

v.      2:16-CV-0161

LORIE DAVIS, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On July 19, 2011, petitioner was convicted in Potter County, Texas of the felony offense of assault causing bodily injury and assessed a 25-year sentence of confinement in the Texas Department of Criminal Justice, Correctional Institutions Division [TDCJ].[1] On May 7, 2013, petitioner became eligible for release to parole. There is no indication in the record that petitioner was granted release to parole at that time or has been granted release at any subsequent time.

In June or July 2015, petitioner was charged with violating a TDCJ disciplinary rule by "fighting without a weapon." On July 10, 2015, after a hearing, petitioner was found guilty of the charged offense. Punishment was assessed at 30 days loss of recreation privileges, 30 days restriction of commissary privileges, and 30 days telephone privileges restriction (OTS). Petitioner appealed the guilty finding through the TDCJ grievance procedure with relief being denied at Step 1 on July 29, 2015, and at Step 2

---

[1] The online TDCJ-CID *Offender Information Details* reflects petitioner had a prior conviction in 1994 out of Tom Green County, Texas for the felony offense of burglary of a habitation and was assessed a 20-year sentence in TDCJ. *State v. Camp*, No. CR92-0447-B.

on August 10, 2015.

On July 29, 2016, petitioner filed the instant federal petition for a writ of habeas corpus requesting the Court (1) overturn the prison disciplinary case and expunge the case from his record; (2) issue an injunction requiring TDCJ to conduct prison disciplinary proceedings "fair & proper"; and (3) issue a reprimand to TDCJ officials for necessitating the Court's involvement when a violation of petitioner's constitutional rights was clear on the face of the record. In his habeas application, petitioner acknowledged he did not lose any previously earned good-time days as a result of the disciplinary proceeding. *See* Question 18.

On July 25, 2016, the undersigned entered a Report and Recommendation recommending federal habeas corpus relief be denied because petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits as a result of the disciplinary proceeding. On August 1, 2016, petitioner filed objections to the Report and Recommendation asserting, *inter alia*, that although he did not lose previously accrued good time credits, the quantity of time he has served in confinement on his sentence was otherwise extended by constitutional violations committed during, and as a result of, the disciplinary proceeding. Petitioner, however, did not cite controlling authority supporting his claims that he had a cognizable liberty interest in his consideration for parole or demonstrating *Malchi v. Thaler*, 122 F.3d 953 (5th Cir. 2000) did not mandate a denial of habeas relief in this case. This lack of appropriate citation necessitated independent research by the Court and the entry of this Supplemental Report and Recommendation.[2]

According to the TDCJ website, petitioner, on December 2, 2016, was again denied release to parole. The denial, however, was not based on petitioner's unsatisfactory institutional adjustment, but on his criminal history record, the nature of his holding offense, and his prior unsuccessful periods of parole that resulted in incarceration. Petitioner's next parole review is set for November 2017.

---

[2] The cases petitioner cited in his objections did not address the issue of a "liberty interest" in avoiding parole set off.

## NO COGNIZABLE FEDERAL CONSTITUTIONAL DEPRIVATION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). To obtain federal habeas corpus relief, a prisoner must show there was a constitutional violation that harmed him. *Malchi,* 211 F.3d at 958.

A prisoner may seek to recover good time credits lost in a state prison disciplinary proceeding by way of a writ of habeas corpus. However, in order to raise such a challenge in a federal petition for a writ of habeas corpus, a petitioner must not only have received a punishment sanction that included forfeiture of previously accrued good time credits, he must also be eligible for release on mandatory supervision. *See id.* Although it appears petitioner is eligible for mandatory supervised release, **he acknowledges he did not suffer any loss of good time credits** from the challenged prison disciplinary action and, as a result, did not seek to recover any lost good time credits. While petitioner admits he did not lose good time, by his objections he appears to assert other constitutional violations occurred as a result of the disciplinary proceeding which affect the duration of his physical imprisonment, and overturning the disciplinary ruling would entitle him to a speedier release from that imprisonment. Specifically, petitioner appears to assert he was denied constitutional due process to which he was entitled as a result of the prison disciplinary proceeding and was set off for parole consideration for a year.

The Due Process Clause of the United States Constitution does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Rather, a liberty interest must first exist to invoke the protections of the Due Process Clause. The Due Process Clause itself does not create the necessary liberty interest. However, once a protected liberty interest is determined to be present, there must be

certain procedural safeguards of that liberty interest to satisfy due process. *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). States may, in certain circumstances, create liberty interests which are protected by the Due Process Clause. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Liberty interests may be derived from state created statutes or regulations which create legitimate expectations and affect the quantity of time rather than the quality of time served by a prisoner. *Id.* A liberty interest which does not affect the duration of the sentence to be served is generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484.

In his objections, petitioner acknowledges he must first show the existence of a liberty interest before he can invoke the protection of the United States Constitution's Due Process Clause. Petitioner appears to assert he had a liberty interest in a set or defined time period between parole reviews, that he did not receive due process in protection of this liberty interest, and that this constitutional violation affected the quantity of time he has served or is being required to serve in confinement. Presumably petitioner was reviewed for parole prior to May 7, 2013, when he became eligible for parole, and again annually on or before May 2014 and 2015. Presumably petitioner's 2015 parole review was conducted prior to the date of his prison disciplinary proceeding on July 10, 2015. Petitioner contends a protected liberty interest was violated by the disciplinary ruling in that he was given "a one year automatic set off" for his next parole review. Petitioner's argument is without merit.

"[A]dministrative or disciplinary decisions made by prison authorities might somehow affect the timing of a prisoner's release" but such effect does not "confer a constitutionally protected liberty interest upon a prisoner such that the prison authorities must comply with the Constitutional requirements of due process." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied sub. nom, Luken v. Johnson*, 517 U.S. 1196, 116 S.Ct. 1690, 134 L.Ed.2d 791 (1996). Speculative collateral consequences of prison

administrative decisions do not create constitutionally protected liberty interests. *Id.*[3] Petitioner does not identify or define what period of set off contends he was entitled, nor does he set out any specific dates or explain how he has been injured, *i.e.*, how the duration of his physical imprisonment was lengthened or otherwise affected. Not only has petitioner failed to demonstrate the existence of a liberty interest necessary to invoke the protections of the due process clause, or the existence of any constitutional violation, petitioner has failed to show any requisite harm for habeas corpus relief. Because it is entirely speculative whether a prisoner will be released on parole, "there is no constitutional expectancy of parole in Texas." *Madison*, 104 F.3d at 768. Any delay in petitioner's consideration for parole as a result of the disciplinary proceeding simply cannot support a constitutional claim.

Petitioner also appears to allege other detriments he contends he suffered as a result of the disciplinary action implicated a liberty interest giving rise to protection by the Due Process Clause. Treating petitioner's contention as an allegation that the nature of the deprivations imposed atypical and significant hardships on petitioner in relation to the ordinary incidents of prison life, the claims fails.[4] Petitioner complains that as a result of the disciplinary proceeding, he was forced to perform hard physical labor work in the fields on his hands and knees for long hours, in harsh conditions, despite his advanced age. Petitioner also contends that as a result of the disciplinary proceeding, he was disqualified from getting other prison jobs. First, petitioner has not demonstrated these conditions of confinement were sanctions assessed or taken against him as a direct result of the disciplinary violation and proceeding. Second, even if such measures were taken as a penalty for the disciplinary charge, they are not considered "the type of atypical, significant deprivation" that would be actionable. If not atypical, then any such

---

[3] Petitioner does not indicate he was demoted in line class as a result of the disciplinary proceeding. Even such a loss of opportunity to earn good time credits (which might lead to earlier parole), although clearly a collateral consequence of custodial status, is simply a speculative, collateral consequence of prison administration decisions and does not create a constitutionally protected liberty interest. *Luken*, 71 F.3d at 193.

[4] Even if these claims are asserting "atypical or significant hardships," the relief petitioner would appear to be seeking is not his speedier release (habeas corpus relief), but the lifting of that particular "atypical" condition.

measures would merely be a change in the conditions of petitioner's confinement, which does not implicate due process concerns. *Cf. id.* A federal habeas action is only available to challenge the fact or duration of confinement, not the conditions of confinement. *See Preiser*, 411 U.S. at 493, 93 S.Ct. 1827. Petitioner's claims of forced manual labor and disqualification from other prison jobs as a result of the disciplinary proceeding do not implicate due process concerns or other constitutional violations so as to warrant habeas corpus relief.[5]

Petitioner also contends his claim that TDCJ violated its internal policy by allowing the charging officer to act as the investigating officer amounted to an alleged violation of a right secured by the United States Constitution or the laws of the United States. Any violation of an internal prison policy, if it did in fact occur, did not implicate any fundamental right guaranteed by the United States Constitution. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("Our case law is clear, however, that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."). Petitioner is not entitled to federal habeas corpus relief on this basis.

Petitioner also asserts that in not reviewing the disciplinary proceeding, the Court is allowing employees of TDCJ to violate state and/or federal criminal laws, to wit: tampering with or fabricating physical evidence or abuse of official capacity (Texas), and conspiracy against rights and deprivation of rights under color of law (federal). Any criminal prosecution would not be initiated by this Court. Prosecutorial decisions are within the jurisdiction of the Department of Justice or the appropriate state prosecutor. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Petitioner also contends the disciplinary proceeding was based on false charges made by prison personnel and to allow the disciplinary proceeding to stand would result in a complete miscarriage of

---

[5]To the extent, if any, petitioner is challenging the loss of recreation, commissary, or telephone privileges, such claims do not present grounds for federal habeas corpus review. The Due Process Clause of the United States Constitution is not implicated by these changes in the conditions of petitioner's confinement. *See Madison*, 104 F.3d at 768.

justice. Such claim is not only conclusory but, critically, fails to overcome the preclusion of habeas relief in this case due to the absence of a constitutional violation.

Because petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits in the disciplinary proceeding he is challenging, petitioner has failed to show he is presently suffering any cognizable federal constitutional deprivation to warrant federal habeas corpus relief. Petitioner's claim of a liberty interest in consideration for parole also fails. Petitioner has failed to state a claim upon which federal habeas relief may be granted.

## CONCLUSION

Even though petitioner did not adequately support the claim he asserted in his objections (that his imprisonment was extended for one year as a result of the disciplinary hearing), the Court has nonetheless considered his claim. The issue raised, *i.e.*, whether a prison disciplinary infraction results in either a denial of parole or a denial of parole consideration, is a claim commonly asserted in federal habeas cases involving prison disciplinary proceedings. Although the undersigned has not, in his recollection, ever seen such a sanction (parole denial or set-off) as a direct disciplinary sanction, it has been alleged as a collateral consequence and has been regularly asserted. This claim of parole denial and/or set off is, in the opinion of the undersigned, foreclosed by current Fifth Circuit precedent, including *Malchi v. Thaler, supra*.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KRISS RAY CAMP be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to

each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___3rd___ day of March 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).